ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| B BILLBOARD NC, LLC<br><br>Recurrente<br><br>v.<br><br>HELLO MEDIA, LLC<br><br>Recurrida | KLRA202400309 | *Revisión* procedente de la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos<br><br>Núm. Caso ante División de Revisiones Administrativas: 2024-570923-SDR-300790<br>Núm. Caso ante OGPe: 2023-507201-PCOC-040573<br><br>Sobre: Impugnación de Permiso de Construcción |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 17 de julio de 2024.

Comparece B Billboard NC, LLC (en adelante, parte recurrente o B Billboard) mediante un recurso de *revisión* para solicitar que dejemos sin efecto la *Determinación* emitida y notificada el 14 de mayo de 2024, por la Oficina de Gerencia de Permisos, División de Revisiones Administrativas (en adelante, OGPe).[1] Mediante la determinación recurrida, la OGPe dispuso *No Acoger* la *Solicitud de revisión administrativa* presentada por la parte aquí recurrente.

Por los fundamentos que expondremos, se desestima el presente recurso por falta de jurisdicción por prematuro.

---

[1] Apéndice del recurso, a las pág. 36-39.

Número Identificador

SEN2024_____

## I

Surge del expediente, que, presuntamente, el 8 de abril de 2024, el Departamento de Permisos Urbanísticos del Municipio Autónomo de Carolina (en adelante, Departamento de Permisos) expidió un permiso[2] a favor de Hello Media, LLC (en adelante, Hello Media o parte recurrida) para la instalación de una valla publicitaria de dos (2) caras digitales.[3]

El 29 de abril de 2024, la parte recurrente presentó ante la OGPe una *Solicitud de revisión administrativa.*[4] En reacción, el 6 de mayo de 2024, la parte recurrida presentó una *Moción de desestimación por falta de jurisdicción.*[5] En el escrito, alegó que el permiso que nos ocupa fue emitido y notificado simultáneamente el 2 de abril de 2024.[6] A tenor, afirmó que había transcurrido el termino de veinte (20) días establecido por la Ley para la Reforma del Proceso de Permisos de Puerto Rico (Ley Núm. 161)[7] para que una parte adversamente afectada por una resolución final de la Junta Adjudicativa de los Municipios Autónomos presente una solicitud de revisión administrativa.

En desacuerdo, la parte recurrente instó una oposición a la solicitud de desestimación.[8] En lo pertinente, sostuvo que, aunque el permiso fue emitido y notificado el 2 de abril de 2024, la parte recurrida incumplió con múltiples requisitos establecidos en ley para la obtención del permiso, por lo que el término señalado de veinte (20) días no comenzó a cursar en esa fecha.[9] En virtud de lo expuesto, le peticionó a la OGPe que declarara sin lugar la desestimación.

---

[2] Permiso de Construcción Núm. 2023-507201-PCOC-040573.
[3] Apéndice del recurso, a las págs. 1-6.
[4] *Íd.*, a las págs. 8-24.
[5] *Íd.*, a las págs. 25-30.
[6] *Íd.*, a la pág. 26.
[7] Ley 161-2009, 23 LPRA sec. 9011 nt. *et seq.*
[8] Apéndice del recurso, a las págs. 31-35.
[9] *Íd.*, a la pág. 34.

Evaluado lo anterior, el 14 de mayo de 2024, la OGPe le notificó a las partes que determinó *No Acoger* la *Solicitud de revisión administrativa* incoada por la parte aquí recurrente.[10]

En desacuerdo, el 13 de junio de 2024, compareció la parte recurrente mediante un recurso de *revisión* y alzó la comisión de seis (6) errores.

El 18 de junio de 2024, compareció el recurrente en cumplimiento con nuestra *Resolución* del 21 de junio de 2024. Por su parte, el 27 de junio de 2024, compareció la Oficina de Gerencia de Permisos, División de Revisiones Administrativas, para presentar copia certificada de los expedientes administrativos **2024-570923-SDR-300790 y 2023-507201-PCOC-040576**, según requerido. Por otro lado, el 15 de julio de 2024 la parte recurrida presentó *Oposición al recurso de revisión administrativa*.

Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso ante nos.

II

**A. Jurisdicción**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[11] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[12] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[13] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen

---

[10] Apéndice del recurso, a las pág. 36-40.
[11] *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA,* 199 DPR 638, 651-52 (2018).
[12] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).
[13] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE, Id.*

materia privilegiada.[14] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[15] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[16] De lo contrario, cualquier dictamen en los méritos será nulo y no se podrá ejecutarse.[17] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente.[18]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben al foro judicial emitir opiniones consultivas,[19] Además, persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[20] En ese contexto, una caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva; y, (v) **cuando se pretende promover un pleito que no está maduro.**[21]

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada,

---

[14] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[15] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).
[16] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[17] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).
[18] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).
[19] El principio de justiciabilidad fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso *ELA v. Aguayo*, 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.
[20] *Moreno v. Pres. U.P.R. I*, 178 DPR 969, 973 (2010).
[21] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

definida y concreta.[22] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[23] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[24]

### B. Notificación de determinaciones finales y permisos

La Ley Núm. 161 fue promulgada a los fines de establecer el marco legal y administrativo para la solicitud, evaluación, concesión y denegación de permisos por el Gobierno de Puerto Rico. A su vez, mediante esta ley se facultó a la OGPe y a los Municipios Autónomos con Jerarquía de la I a la V para emitir determinaciones finales y permisos.[25] Una parte adversamente afectada por cualesquiera de las antedichas determinaciones podrá presentar una solicitud de revisión administrativa ante la División de Revisiones Administrativas de la OGPe, dentro del término jurisdiccional de veinte (20) días, **contados a partir de la fecha de archivo en autos, de copia de la notificación de la actuación o determinación final.**[26] En iguales condiciones, podrá acudir al Tribunal de Apelaciones, dentro del término de treinta días (30).[27] Ahora bien, la presentación de una solicitud de revisión administrativa no es un requisito jurisdiccional para presentar un recurso ante el Tribunal de Apelaciones. Empero, la presentación oportuna de la mencionada solicitud paralizara el término para acudir al referido foro.

Para posibilitar la revisión administrativa de una determinación final o un permiso, es necesario que la notificación cumpla con lo

---

[22] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).
[23] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, 365.
[24] *Torres Alvarado v. Madera Atiles,* supra, 501; *Juliá et al. v. Epifanio Vidal, S.E.,* supra, 366.
[25] Exposición de Motivos de la Ley Núm. 161, *supra.*
[26] Art. 11.6 (a) de Ley Núm. 161, 23 LPRA § 9021r.
[27] *Íd.,* Art. 11.8, 23 LPRA § 9021t.

establecido por el Artículo 8.8 de la Ley Núm. 161, el cual indica que:

> La Oficina de Gerencia de Permisos, los Municipios Autónomos con Jerarquía de la I a la V y los Profesionales Autorizados **notificarán copia de toda determinación final, en cumplimiento con los reglamentos aplicables.** Además, notificarán copia de dicha determinación y de los permisos a la Oficina de Gerencia de Permisos y a las entidades gubernamentales concernidas, según aplique, dentro del término de dos (2) días laborables a partir de su expedición. **La fecha de esta notificación, en aquellos casos en que aplique, deberá aparecer certificada en el texto de la determinación final y será considerada como la fecha de archivo en autos de la determinación final de que se trate, para propósitos de revisión.**[28]

En aquellos casos en los cuales se incumpla con los requerimientos esbozados en el Artículo 8.8, la notificación será defectuosa y el foro revisor estará privado de jurisdicción para entender en el asunto en disputa.[29] Además, no se le podrán oponer los términos jurisdiccionales a la parte que no ha sido notificada de la determinación conforme a derecho.[30] A esos efectos cualquier recurso que se presente para impugnar los méritos de la decisión sería prematuro.[31]

### III

En el presente recurso, nos encontramos con dos versiones de cuando fue emitido y notificado el permiso que nos ocupa. Por un lado, la parte recurrente indica que el permiso fue emitido el 8 de abril de 2024, mientras que la parte recurrida insiste en que el permiso fue emitido y notificado el 2 abril de 2024.

Tras examinar las posturas de las partes, así como los expedientes administrativos de la revisión administrativa en cuestión y del permiso ante nuestra consideración, observamos que el permiso expedido no cuenta con una fecha notificación certificada

---

[28] 23 LPRA § 9018g.
[29] Véase *St. James Sec. v. AEE,* 2023 TSPR 149, 213 DPR ___ (2023).
[30] *Comisión Ciudadanos v. G.P. Real Property,* 173 DPR 998, 15 (2008).
[31] *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019).

en el texto de la determinación final, según requiere el Artículo 8.8 de la Ley Núm. 161.[32] En vista de ello, colegimos que la notificación fue defectuosa.

Conforme esbozamos, ante una notificación defectuosa esta Curia no tiene jurisdicción para entender en el asunto en disputa, *ergo*, el recurso presentado por la parte recurrente es prematuro. [33] Lo anterior, no limita a la parte que así lo entienda, a que una vez la determinación se notifique correctamente, pueda ejercer los derechos que nuestro ordenamiento jurídico provee.

IV

Por los fundamentos que anteceden, se *desestima* el recurso de revisión por falta de jurisdicción por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[32] 23 LPRA § 9018g.
[33] *St. James Sec. v. AEE,* supra; *PR Eco Park et al. v. Mun. de Yauco,* supra, 538.